UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MCFS & BB INC., a Florida corporation;
PETER E. PETERSEN and MARY CARTER
PETERSEN as husband and wife; PETER E.
PETERSEN, TRUSTEE OF THE PETER E.
PETERSEN REVOCABLE LIVING TRUST
and MARY F. CARTER, TRUSTEE OF THE
MARY F. CARTER REVOCABLE LIVING
TRUST,

   Plaintiffs,

vs.            Case No. 3:21-cv-254-MMH-MCR

HARTFORD INSURANCE COMPANY
OF THE SOUTHEAST,

   Defendant.
_____/

**O R D E R**

  **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well

settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On March 11, 2021, Defendant Hartford Insurance Company of the Southeast (Hartford) filed Defendant Hartford Insurance Company of the Southeast's Petition for Removal (Doc. 1; Notice), seeking to invoke this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. See Notice at 3 ("Removal of this action is proper under 28 U.S.C. § 1332 . . . ." However, upon review of the record in this case, the Court is unable to determine whether it has diversity jurisdiction over this action because Hartford has inadequately pled the citizenship of the Plaintiffs, and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[1] See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

In the Notice, Hartford fails to sufficiently allege the citizenship of the Plaintiffs in this action. See Notice at 2. As to each of the three Plaintiffs described in the Notice,[2] Hartford alleges jurisdictional facts "upon information and belief." See id. However, allegations premised only on "information and belief" are plainly insufficient to establish the citizenship of a party or the jurisdictional thresholds as necessary to invoke this Court's subject matter jurisdiction. See, e.g., Payne v. Ivy, No. 6:18-cv-3-Orl-18KRS, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018) ("Allegations made 'upon information and belief' are not sufficient to support jurisdictional allegations, however."); Matos-Cruz v. JetBlue Airways Corp., No. 6:17-cv-380-Orl-37TBS, 2017 WL

---

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

[2] It is not readily apparent from the present record whether there are three or four plaintiffs in this action. Indeed, the caption of Plaintiffs' Complaint (Doc. 1-3, originally filed in state court on February 1, 2021), suggests that an individual named "Mary F. Carter" is suing in her capacity as trustee of the "Mary F. Carter Revocable Living Trust." See Complaint at 1. However, in the body of the Complaint, Plaintiffs do not mention an individual named "Mary F. Carter;" rather, Plaintiffs represent that "Mary Carter Petersen individually and as trustee of the Mary F. Carter Revocable Living Trust; sue[s] Defendant, Hartford." See generally id. In the Notice, Hartford alleges jurisdictional facts concerning just three plaintiffs, and makes no mention of a "Mary F. Carter." See Notice at 2. If, in fact, there are four plaintiffs in this action, Hartford is reminded it must sufficiently allege the respective citizenship of each and every plaintiff for purposes of diversity jurisdiction. If there are only three plaintiffs in this action, Plaintiffs should file a corrected complaint with an accurate caption.

3268956, at *2 (M.D. Fla. Aug. 1, 2017) ("Courts have held that allegations concerning a party's citizenship based only 'on information and belief' are insufficient."); Principle Solutions LLC v. Feed.ing BV, No. 13-C-223, 2013 WL 2458630, at *2 (E.D. Wis. June 5, 2013).

In addition, where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing

defendant should make "<u>specific factual allegations</u> establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." <u>Id.</u> at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." <u>Id.</u> at 754.[3]

Here, Hartford fails to present a "plausible allegation" of the amount in controversy. Indeed, in relevant part, Hartford's allegations about the amount in controversy are as follows:

> The Complaint does not specifically allege an amount in controversy, and instead simply alleges, "[t]his is an action for damages in excess of $30,000.00, exclusive of interest, costs, and attorneys' fees." . . . However, upon information and belief based on correspondence from Plaintiff's counsel, the damages sought exceed $1,000,000.00. Thus, it is clear Plaintiffs are seeking monies in excess of the threshold of $75,000.00 in damages in this action.
>
> . . .
>
> [U]pon information in belief and in good faith, Hartford asserts that the amount in controversy in this matter exceeds the jurisdictional

---

[3] The Court notes that <u>Dart</u>, <u>Dudley</u>, and <u>Pretka</u>, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, <u>see</u> 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. <u>See</u>, <u>e.g.</u>, <u>Pretka</u>, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." <u>Pretka</u>, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. <u>See</u> <u>Bender v. Mazda Motor Corp.</u>, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to <u>Pretka</u> as authority regarding removal procedures).

>   minimum, exclusive of interest and costs, pursuant to information and belief of Plaintiff's counsel's representation related to damages sought.

Notice at 2, 3. These general statements lacking supporting documentation are no different than the type of conclusory allegations, devoid of any underlying factual support, that the Eleventh Circuit has held are "insufficient to meet the defendant's burden" of establishing the amount in controversy. See Williams, 269 F.3d at 1320. Moreover, not only does Hartford fail to support its amount in controversy allegations with any specific facts, it further weakens its minimal allegations by premising them "upon information and belief." See Notice at 2, 3. As discussed above, such allegations are insufficient to establish the jurisdictional thresholds necessary to invoke this Court's subject matter jurisdiction. Nor can the Court discern from the generic and vague allegations in Plaintiffs' Complaint whether the insurance policy coverage dispute giving rise to this lawsuit resulted in damages exceeding $75,000. See generally Complaint. Indeed, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'– only through speculation–and that is impermissible." Pretka, 608 F.3d at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiffs' vague allegations of damages in the Complaint, and in the absence of any information in the Notice regarding the

-6-

scope or nature of the alleged damages to the premises at issue, or any documentation concerning "correspondence from Plaintiff[s'] counsel," the Court is unable to determine whether the amount in controversy requirement is satisfied here.

Without additional information regarding the citizenship of the Plaintiffs and the amount in controversy, the allegations presently before the Court are insufficient to establish the Court's subject matter jurisdiction over this action.[4] Accordingly, it is

**ORDERED**:

Defendant Hartford Insurance Company of the Southeast shall have until **March 26, 2021**, to provide the Court with sufficient information so that it can

---

[4] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on March 16, 2021.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record
Pro Se Parties